UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA OVERTON,

                                                  CIVIL CASE NO. 05-40060
                Petitioner,    CRIM. CASE NO. 03-50021-1

v.

                                            HONORABLE PAUL V. GADOLA
UNITED STATES OF AMERICA,     U.S. DISTRICT COURT

                Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

    Before the Court is Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, filed on February 22, 2005.  28 U.S.C. § 2255 provides, in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 ¶ 2.  In other words, if the motion, files and records of the case conclusively show that the prisoner is entitled to no relief, then the Court need not serve notice on the United States Attorney, grant a hearing, determine the issues, or make findings of fact or conclusions of law with respect to those issues.

    Petitioner's sole ground for relief is that his sentence was imposed in violation of United States v. Booker, 543 U.S. ___, 125

S. Ct. 738, 160 L. Ed. 2d 621 (2005). However, the Sixth Circuit has held that Booker does not apply retroactively to cases on collateral review. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). In fact, courts in all eleven circuits and the D.C. Circuit have likewise held that Booker does not apply retroactively on collateral review. See Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); Daniel v. United States, 2005 U.S. Dist. LEXIS 11509 (N.D. W. Va. 2005)(unpublished); In re Elwood, 2005 U.S. App. LEXIS 7343 (5th Cir. 2005)(unpublished); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005); Clark v. United States, 2005 U.S. Dist. LEXIS 11148 (D. Minn. 2005); Hewett v. United States, 2005 U.S. Dist. LEXIS 10910 (D. Haw. 2005)(unpublished); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-68 (11th Cir. 2005); United States v. Agramonte, 366 F. Supp. 2d 83, 89 (D.D.C. 2005).

Petitioner was sentenced on July 29, 2004. Booker was decided on January 12, 2005. Petitioner did not directly appeal his sentence, but rather filed this collateral attack on February 22, 2005. In other words, Petitioner is attempting to apply Booker

2

retroactively to attack his sentence collateral, which is not possible. Thus, Petitioner's motion, along with the files and records of the case, "conclusively show that the prisoner is entitled to no relief."

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [docket entry 25] is **DENIED**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **TWENTY-ONE (21) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. See <u>Castro v. United States</u>, 310 F.3d 900, 903 (6th Cir. 2002) ("We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."). The Government may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **FOURTEEN (14) DAYS** of service of Petitioner's motion for a COA.

**SO ORDERED.**

Dated: June 17, 2005               s/Paul V. Gadola
                                   HONORABLE PAUL V. GADOLA
                                   UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on June 21, 2005, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
  James Mitchell                                                                                           , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:   Andrea Overton                                    .


                                              s/Tammy Hallwood
                                              Tammy Hallwood, Deputy Clerk
                                              (810) 341-7845

4