UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREA OVERTON,

                            Petitioner,

                                                    CIVIL CASE NO. 05-40219

v.                                                    CRIMINAL CASE NO. 03-50021

UNITED STATES OF AMERICA,          HONORABLE PAUL V. GADOLA
                                                             U.S. DISTRICT COURT

                            Respondent.
_____/

## **ORDER**

      Petitioner filed a motion to vacate under 28 U.S.C. § 2255 on February 22, 2005. On June 17, 2005, the Court denied Petitioner's motion and issued a judgment to that effect. On July 12, 2005, Petitioner filed a "Model Form for Use in 28 U.S.C. § 2255 Cases Involving a Rule 9 Issue." Petitioner's filing appears to be a form that would be sent by a court to a petitioner to allow him to explain the existence of defects in his § 2255 motion that would otherwise require a dismissal under Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The Court, however, did not send Petitioner this form, for it had already denied Petitioner's motion on the merits. The Court, therefore, recognized Petitioner's filing as a "second or successive habeas corpus application" referred to by 28 U.S.C. § 2244(b)(2). *See Mot.*, at 1 ("My original 28 U.S.C. § 2255 motion was dismissed. . . yet since this is a second pleading, I have used this form.").

      Section 2244(b)(3)(A) of Title 28 of the United States Code mandates: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the

application." In this case, the Court has not received an order authorizing consideration of this application from the appropriate court of appeals, the United States Court of Appeals for the Sixth Circuit.

Pursuant to § 2244(b)(3)(A), this motion should be brought before the Sixth Circuit. Consequently, the Court will transfer this motion to the Sixth Circuit for the necessary § 2244 certification. *United States v. Thompson*, 58 Fed. Appx. 599, 601 (6th Cir. 2002) (citing *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion [docket entry 29], filed on July 12, 2005, and recognized by this Court as a second or successive motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, shall be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for the necessary certification under 28 U.S.C. § 2244.

**SO ORDERED.**


Dated:  September 20, 2005                    s/Paul V. Gadola
                                              HONORABLE PAUL V. GADOLA
                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   September 20, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                                        James C. Mitchell                                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                     Andrea Overton                     .


                                                            s/Ruth A. Brissaud
                                                            Ruth A. Brissaud, Case Manager
                                                            (810) 341-7845

3